*516 ORDER
(Granting Petition in Part and Requesting Further Information)
AMANDA L. ROCKMAN, Interim Chief Judge.
INTRODUCTION
This case concerns whether an adult can access monies from her Children’s Trust Fund (hereinafter CTF) to pay for costs associated with the purchasing an automobile and tuition for obtaining a high school diploma. The Court employs the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), § 12.8c to assess the merit of the petitioner’s request. The analysis and holding of the Court follow below.
PROCEDURAL HISTORY
The petitioner initiated the current action by filing the April 11, 2011 Petition for Release of Per Capita Distribution (hereinafter Petition). Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on April 11, *517 2011, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the respondent that a Default Judgment could result from failure to file within the prescribed time period.
The respondent, by and through DOJ Attorney Paul Rosheim, timely filed the Respondent’s Answer on April 22, 2011, requesting that the Court deny the petitioner’s request for relief unless the petitioner provided additional information. Regardless, the Court delivered Notice(s) of Hearing to the parties on May 4, 2011, informing them of the date, time and location of the Fart-Finding Hearing. The Court convened the Hearing on May 25, 2011 at 10:00 a.m. CDT. The following parties appeared at the Hearing: Joan M. Frank, petitioner, and DOJ Attorney Paul Rosheim, respondent’s counsel.
At the Fact-Finding Hearing, the petitioner filed information regarding the proposed vehicles, education, and finances in open court. On June 1, 2011, the petitioner filed a correspondence with the Court indicating that the previously proposed vehicle had been sold on May 25, 2011. The petitioner faxed paperwork that day regarding a similar vehicle. Also on June 1, 2011, the respondent filed Respondent’s Reply recommending that the Court release the CTF money for the vehicle and dispense with a Fart-Finding Hearing.
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC § 12
Subsec. 8. Minors and Other Legal Incompetents.
a. The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTFs approved by the Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner, which protects the principal and seeks a reasonable return.
b. Education Criterion.
(1) The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member beneficiary meeting the dual criteria if (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma to the Department of Enrollment (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds *518 to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account and any and all per capita distributions payable to said Member after reaching age 18 will be added to such fund and not be paid to the Member and the CFT account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur: (1) the Member produces the required diploma; (2) the Member reaches the age of twenty-five (25); or (3) the Member is deceased.
(2) Transition Rule. The following rule pertains to Tribal Members who reached age eighteen (18) on or before November 1, 2000 and have not received their CTF account due to failure to meet the graduation requirement shall [sic] receive the quarterly or other periodic per capita distributable to them with respect to all per capita payments made on or before November 1, 2001; after which periodic payments shall be added to their CTF account until they qualify for the distribution of the CTF by virtue of the provisions of paragraph 8b, above.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
(1)A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.
(3) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
(1) Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
(3) After the first successful service of process, the Court and the parties will then perform all written communications through regular mail at that address. Therefore, each party to an action has an affirmative duty to notify the Court, and all other parties, of a change in address *519 within ten (10) calendar days of such change.
Rule 27. The Nation as a Party.
(B)Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from ■Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion, must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another *520 party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals,
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure,
FINDINGS OF FACT
1. The parties received proper notice of the Fact-Finding Hearing.
2. The petitioner, Joan M. Frank, is an adult member of the Ho-Chunk Nation, Tribal ID# 439A004934, but has not received the balance in her CTF account due to a failure to satisfy the graduation requirement found in the Per Capita Ordinance, § 12.8b(l).
3. The respondent, Ho-Chunk Nation Office of Tribal Enrollment, is a sub-entity of the Ho-Chunk Nation, a federally recognized Indian tribe with principal offices located on trust lands at the Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI 54615.
4. The petitioner remains ineligible to receive quarterly per capita payments since attaining the age of majority on March 27, 2008, due to her non-completion of accredited, secondary education. See Per Capita Distribution Ordinance, § 12.8b(2).
5. The petitioner is unemployed. She currently remains at home raising her four month old son.
6. The family income consists of the petitioner’s husband’s income of approximately $1,673.36 per month, which is currently below the poverty guidelines for a family of three individuals. 70 Fed.Reg. 8,373 (Feb. 15, 2008).
7. The petitioner requested a relief of CTF monies for costs associated with the Brigham Young University Independent Study program to receive her high school diploma. However, the petitioner did not provide documentation regarding course requirements, total cost, nor a statement from the HCN Department of Education indicating that completion of this program would satisfy the graduation requirement found in the Per Capita Ordinance, § 12.8b(l),
8. The petitioner also requested a release of CTF monies for costs associated with the purchase of an automobile.
Brenengen Chrysler Ford LLC $14,615.90
1200 N. Superior Aveneue (vehicle purchase
Tomah, WI 54660 price and warranty)
a. The petitioner has satisfied the preliminary evidentiary showing for an automobile purchase. See In the Interest of Minor Child: S.S., DOB 07/30/82, by Sharon A. Porter v. HCN Office of Tribal Enrollment, CV 99-76 (HCN Tr.Ct., Dec. 27, 1999) at 6-7. The petitioner demonstrated the following facts:
la. the lack of a reliable vehicle;
lb. the possession of a valid driver’s license of Joan M. Frank, # F652-4939-0607-03;
lc. the anticipated purchase of 2008 Mercury Milan;
ld. the vehicle’s odometer reading of 36,085 miles;
le. the presentation of a complete sales quotation;
*521 lf. the vehicle’s VIN
# 3MEHM07Z38R632576;
le. the presentation of a complete sales quotation;
lg. the provision of a vehicle photograph;
lh. the indication of a Kelley Blue Book retail value of $17,600.00; and
li. an automobile insurance quote.
The requested purchase also represents a commercially reliable vehicle, ie., less than six (6) years old with an odometer reading of less than 75,000 miles. See In Re: L.L.L. by Helen Littlesoldier v. HCN Enrollment Dep’t, CV 97-03 (HCN Tr.Ct., Mar. 11, 1997) at 2.
9. No tribal funding source or state or federal public entitlement programs exist to cover the above-enumerated cost. See Per Capita Ordinance, § 12.8c.
10. As of April 1, 2011, the petitioner’s CTF account balance was $194,094.69.
DECISION
The Court applies a four-part test when determining the circumstances under which it would grant a release of monies from the CTF account of a tribal member. See In the Interest of Minor Child,(ren): V.D.C., DOB 10/03/84 et al., by Debra Crowe v. HCN Office of Tribal Enrollment, CV 00-25 (HCN Tr.Ct., Apr. 6, 2001) at 7 (citing In the Interest of Minor Child: S.D.S., DOB 04/25/83, by Michelle R. DeCora, v. HCN Office of Tribal Enrollment, CV 00-35 (HCN Tr.Ct., May 4, 2000) at 7). The Court derived the four-part test from language appearing in the Per Capita Ordinance, § 12.8c. Crowe at 7. First, the Court may only grant a release for the benefit of a beneficiary’s health, education, or welfare. Second, any such benefit must represent a necessity, and not a want or desire. Third, the petitioner must demonstrate special financial need. Finally, the petitioner must provide evidence of exhaustion of tribal funds and public entitlement programs. Id. at 8.
The Court closely examines each Petition for Release of Per Capita Distribution in fulfillment of its statutory obligation to supervise the CTF accounts. Per Capita Ordinance, § 12.8a. The Court performs this supervision against the backdrop of federal enabling legislation. Specifically, the Indian Gaming Regulatory Act requires that parents receive per cap-ita monies “in such amounts as may be necessary for the health, education, or welfare, of the minor.” Indian Gaming Regulatory Act, 25 U.S.C. § 2710(b)(3)(C) (emphasis added). The Court has focused upon this limitation in developing its case law, announcing basic principles and rudimentary understandings that have guided it through a variety of requests.
As stated above, the Indian Gaming Regulatory Act assumes that only a parent or guardian would need to seek access to trust monies since competent adults would ordinarily receive such funds upon regular distribution. However, the Ho-Chunk Nation Legislature mandates retention of the corpus of a CTF until an adult member obtains either a high school diploma or the age of twenty-five (25) years. Per Capita Ordinance, § 12.8b(l). The Legislature erected the graduation requirement in response to an actual and/or perceived drop in the graduation rate of Ho-Chunk youth. See Marvel J. Cloud v. HCN Office of Tribal Enrollment, CV 01-34 (HCN Tr. Ct., July 10, 2001) at 9. In doing so, the Legislature directed that the CTF monies “shall be held on the same terms and conditions applied during the Member-beneficiary’s minority.” Per Capita Ordinance, § 12.8b(l) (emphasis added).
*522 Importantly, the Legislature did not require identical treatment in regards to the occasional release of such funds. The Court still applies the four-part test, but more strictly. Essentially, “the Court must not undermine [the] intent [of the graduation requirement] by unduly approving releases from the CTF of adult members who have failed to attain a high school diploma. Otherwise, the Court would strip the legislation of its only inducement, ie., no high school diploma, no CTF.” In the Interest of Adult CTF Beneficiary: Renata White, DOB 02/27/81 v. HCN Office of Tribal Enrollment, CV 01-75 (HCN Tr.Ct., Oct. 16, 2001) at 10.
The Court shall now address the requests presented by the petitioner in the instant case. The Court has declined to release monies for basic welfare necessities unless the adult CTF beneficiary documented enrollment in a high school degree program. Typically, the adult member either voluntarily or involuntarily departed a local high school and subsequently gained admission to either a school district affiliated alternative education facility, a nearby technical college or a distance education institution. See, e.g., In the Interest of Adult CTF Beneficiary: Myra Jo Black-deer, DOB 09/01/88 v. HCN Office of Tribal Enrollment, CV 07-58 (HCN Tr.Ct., Sept. 10, 2007); In the Interest of Adult CTF Beneficiary: April Webster, DOB 08/30/87 v. HCN Office of Tribal Enrollment, CV 05-107 (HCN Tr.Ct., Mar. 15, 2006); In the Interest of Adult CTF Beneficiary: Alicia Blackhawk, DOB 10/25/81 v. HCN Office of Tribal Enrollment, CV 05-29 (HCN Tr.Ct., June 1, 2005). In such an instance, the Court requires the adult member to satisfy reasonable academic benchmarks during the process of acquiring a high school diploma, including continuing attendance. See, e.g., In the Interest of Adult CTF Beneficiary: Vincent G. Decorah, DOB 11/22/85 v. HCN Office of Tribal Enrollment, CV 09-16 (HCN Tr.Ct., June 23, 2009); In the Interest of Adult CTF Beneficiary: Ci Ci B. Big John, DOB 03/05/88 v. HCN Office of Tribal Enrollment, CV 09-04 (HCN Tr. Ct., May 6, 2009).
The present petitioner is enrolled in the Brigham Young University Independent Study program to receive a high school diploma. The petitioner previously attended the Believers Baptist Academy in Indiana. However, as the State of Wisconsin did not recognize the credits she earned there, the petitioner currently has the status of a ninth grader with one semester completed. The petitioner demonstrated the request to release money from her CTF for costs associated with the Brigham Young University Independent Study program will benefit her education, health, and welfare, and represents a necessity as opposed to a want or desire. The petitioner also demonstrated a financial hardship and showed exhaustion of other methods of funding. However, before the Court may grant the release of CTF monies for this request, the petitioner must submit documentation regarding the course requirements and total cost. The petitioner must also submit a statement from the HCN Department of Education indicating that the program is accredited for an online HSED and that completion will result in the release of the balance of the petitioner’s CTF. The petitioner shall present the aforementioned documentation prior to July 28, 2011.
Regarding the automobile request, the petitioner has demonstrated the presence of a health and welfare necessity and a financial need. The petitioner has also provided evidence of exhaustion of tribally, state, and federally funded programs. The automobile will allow the petitioner to travel to testing sites and attend physical *523 education classes in order to complete her high school education. The petitioner also needs the vehicle to obtain part-time employment and transport her minor child to medical appointments. Moreover, the petitioner has satisfied the standard erected for consideration of an automobile request.
THEREFORE, based upon the preceding facts and analysis, the Court grants the automobile request and directs Fifth Third Bank to deliver a check payable in the following amount to:
Brenengen Chrysler Ford LLC $14,615.90
1200 N. Superior Avenene (vehiete purchase
Tomah, WI 54660 price and warranty)
The checks shall bear the following notation: “for Joan M. Frank, Tribal ID # 439A004934.” The petitioner bears the responsibility of contacting the above provider to inform it of the anticipated receipt of the check and the item that the Court has approved for payment.
In regards to the granted request, the Court directs the petitioner, Joan M. Frank, to “maintain records sufficient to demonstrate that the funds disbursed were expended as required by [the Per Capita Ordinance] and any applicable Federal law.’’ Per Capita Ordinance, § 12.8c(2). The petitioner shall submit a financial report along with relevant documentation (Le., receipts and invoices) to the Court within three (3) months after receipt of the disbursement, confirming the specified use of the funds. Failure to do so may subject the petitioner to the contempt powers of the Court pursuant to the Ho-Chunk Nation Contempt Ordinance and/or repayment of the amount subtracted from the CTF account. Furthermore, the petitioner must submit any excess funds to the Court in the form of a check. The Court shall maintain an open case file until acceptance of a final accounting, and service of process shall be performed on the address stated in the Petition unless parties direct otherwise in writing. See HCN R. Civ. P. 5(C)(3).
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically (HCN R.App. P.), Rule 7, Right of Appeal” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App, P.].” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).